OPINION
{1} Plaintiff-Appellants, Jill Rall, n.k.a. Jill Crace, Administrator of the Estate of Carrie Rall, et al. (collectively "Appellants"), appeal a Wyandot County Common Pleas Court decision granting summary judgment in favor of Defendant-Appellee, Amerisure Insurance Company ("Amerisure"). Appellants argue that the trial court erred in concluding that uninsured/underinsured motorist ("UM/UIM") coverage was not available to Carrie Rall through commercial auto, umbrella, and commercial general liability policies issued by Amerisure to her father's employer, Wyandot Dolomite, Inc. Because Carrie Rall was not occupying a "covered `auto' " for purposes of UM/UIM coverage provisions in the commercial auto policy and would not qualify as an insured for purposes of the umbrella or commercial general liability policies, we affirm the judgment of the trial court.
{2} Facts and procedural posture relevant to issues raised on appeal are as follows: This case was initiated by Jill Rall, individually and as Administrator of the Estate of Carrie Rall. Carrie Rall, the sixteen-year-old daughter of Jill and Charles Rall, died as a result of injuries sustained while a passenger in a vehicle operated by Tiffany Johnson, a high school friend. When medical bills and other claimed damages exceeded Johnson's insurance limits, Appellants turned to other policies for underinsured motorist coverage.
{3} At the time of the accident, Charles Rall was employed by Wyandot Dolomite, Inc., which maintained the following insurance policies: a Commercial Auto Liability Policy through Amerisure and an Umbrella Liability Policy and Commercial General Liability Policy issued by Michigan Mutual Insurance Company (an Amerisure company). Appellants submitted claims for underinsured motorist coverage under the aforementioned policies to Amerisure, who denied coverage.
{4} Thereafter, Appellants filed suit in the Wyandot County Common Pleas Court, seeking underinsured motorist coverage under said policies. Amerisure moved for summary judgment as to Appellants' claims, arguing that Carrie Rall would not qualify for coverage under any of the policies. By entry dated August 6, 2002, the trial court granted summary judgment in favor of Amerisure, finding that the policies did not provide coverage for Carrie Rall.
{5} From this decision Appellants appeal, presenting three assignments of error for our review.
 Assignment of Error Number One {¶ 6} The trial court erred in finding that there was nouninsured/underinsured motorist coverage available to plaintiff-appellantunder the commercial auto liability policy issued by Amerisure InsuranceCompany.
 {¶ 7} Within the first assignment of error, Appellants argue that the trial court erred in finding that Carrie Rall would not qualify for coverage under UM/UIM provisions contained within the Amerisure Commercial Auto Liability Policy.
 {¶ 8} Appellate review of summary judgment is conducted independently of and without affording deference to the trial court's determination.[1] Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination.[2]
Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[3]
 {¶ 9} It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature.[4] Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed."[5] "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."[6] However, where the intent of the parties to a contract is evident from the clear and unambiguous language used, a court must not read into the contract a meaning not contemplated or placed there by an act of the parties to the contract.[7]
 {¶ 10} In Scott-Pontzer v. Liberty Mutual Fire InsuranceCompany,[8] the Ohio Supreme Court held that where UM/UIM coverage arises by operation of law, any language in the liability policy restricting coverage was intended to apply solely to liability coverage and not for purposes of UM/UIM coverage. However, where, as here, a liability policy expressly includes UM/UIM coverage within the contract, restrictions and other coverage limitations are intended and will be applied for purposes of UM/UIM coverage.[9]
Therefore, even when a party qualifies as named insured under a policy that includes UM/UIM coverage by contract, the circumstances of the accident must fall within other applicable coverage provisions.
 {¶ 11} From the UM/UIM provisions within the Commercial Auto Policy, it is apparent that Carrie Rall was not occupying a "covered `auto' " for purposes of UM/UIM coverage. "Covered `autos' "for purposes of UM/UIM coverage are defined by numeric symbol "7" in the business auto coverage form declarations. Coverage provided under symbol "7" is limited to: "SPECIFICALLY DESCRIBED `AUTOS.' Only those `autos' described in ITEM THREE of the Declarations for which a premium charge is shown * * *." The schedule of covered autos provided in "Item Three" lists specific vehicles by year, make, model and serial number. The vehicle Carrie Rall was occupying when she sustained her injuries, a 1985 Dodge Aries, is not included within the list of specifically identified vehicles. Therefore, because coverage would not be available under the UM/UIM coverage terms, we do not find that the trial court erred in granting summary judgment as to said policy. Accordingly, Appellants' first assignment of error is overruled.
 Assignment of Error Number Two {¶ 12} The trial court erred in finding there was nouninsured/underinsured motorist coverage available to plaintiff-appellantunder the umbrella policy issued by Michigan Mutual Insurance Company.
 {¶ 13} Within the second assignment of error, Appellants contend that Carrie Rall qualifies as an insured for purposes of the Michigan Mutual Umbrella Policy. Appellants argue that, should this Court find that the Amerisure Commercial Auto Policy provides UM/UIM coverage, then excess coverage must be provided under the Michigan Mutual Umbrella Policy.
 {¶ 14} In Scott-Pontzer, the Ohio Supreme Court reaffirmed its holding that "excess liability insurance must comport with R.C. 3937.18
and thus uninsured (and underinsured) motorist coverage must be tendered."[10] The failure by the insurer to offer such coverage results in the provision of coverage by operation of law.[11] However, R.C. 3937.18 only requires that UM/UIM coverage be "offered to personsinsured under the [liability] policy" of insurance.[12] As indicated by Justice Douglas in Scott-Pontzer: "[i]f we find [the plaintiff] was not an insured under the policies, then our inquiry is at an end."[13]
Therefore, where a party neither expressly nor impliedly qualifies as an insured as defined within an umbrella policy or the underlying policies for which the umbrella policy provides excess coverage, that party is not entitled to be offered and cannot recover UM/UIM coverage by operation of law.[14]
 {¶ 15} The named insureds under the Umbrella Policy are, Wyandot Dolomite, Inc., Hancock Asphalt Company, Lima Sales Company, and Harold P. Wolfe. Pursuant to the Umbrella Policy, Michigan Mutual agrees to "pay those sums that the insured becomes legally obligated to pay as damages * * * which exceed the limit of `underlying liability insurance.'"[15]
The policy defines who is an "insured" for purposes of excess coverage as follows: 1. If you are designated in the Declarations as: * * * c) Anorganization other than a partnership or joint venture, you are aninsured. Your executive officers and directors are insureds, but onlywith respect to their duties as your officers or directors. Yourstockholders are also insureds, but only with respect to their liabilityas stockholders. 2. Each of the following is also an insured: a) Youremployees, other than your executive officers, but only for acts withinthe scope of their employment by you. * * * 4. Any additional insuredincluded in a scheduled policy of `underlying liability insurance,' butnot for broader coverage than that provided by the `underlying liabilityinsurance.' Any insured defined in this paragraph shall be considered anadditional insured of this policy. Any additional insured of this policyis subject to all the conditions of this policy.
 {¶ 16} While paragraph 2(a) includes Charles Rall as an insured as an employee of Wyandot Dolomite, Inc., neither this nor any other paragraph could be interpreted to include employee family members. However, because paragraph 4 incorporates as an insured any additional insured included in a scheduled policy of "underlying liability insurance," we must also examine who is an insured for purposes of underlying liability coverage. In this instance, both the Amerisure Commercial Auto Liability Policy and the Michigan Mutual Commercial General Liability Policy are "underlying liability polic[ies]" listed in the Umbrella Policy schedule of underlying insurance. Appellants have not cited and we do not find any provisions in the underlying liability policies that could be interpreted to extend the definition of who is an insured to an insured's family members. Therefore, because R.C. 3937.18
only requires that UM coverage be offered to persons insured under the liability policy of insurance, and Carrie Rall was not an insured under the foregoing policies, our inquiry is at an end. Accordingly, Appellants' second assignment of error is overruled.
 Assignment of Error Number Three {¶ 17} The trial court erred in finding there was no uninsured/underinsured motorist coverage available to plaintiff-appellant under the commercial general liability policy issued by Michigan Mutual Insurance Company.
 {¶ 18} Within the third assignment of error, Appellants contend that the trial court erred in concluding that the Michigan Mutual Commercial General Liability Policy was not a motor vehicle liability policy subject to R.C. 3937.18, as written prior to the amendments of H.B. 261. Again, however, even if the Commercial General Liability Policy was construed to be a motor vehicle policy for purposes of R.C. 3937.18, Carrie Rall would have to qualify as an insured under that policy in order to be an insured for purposes of any UM/UIM coverage that would arise by operation of law as a result of any failure of the Commercial General Liability Policy to offer such coverage.[16] As discussed in the foregoing assignment of error, Carrie Rall, as a family member of an employee of Wyandot Dolomite, Inc., does not qualify as an insured for purposes of the General Liability Policy. Accordingly, Appellants' third assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to the appellants herein, in the matters assigned and argued, the judgment of the Wyandot County Common Pleas Court is hereby affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[2] Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co. (2002), 148 Ohio App.3d 596, 604-605, 2002-Ohio-3932, ¶ 25, citingState ex rel. Cassels v. Dayton City School Dist. Bd. of Ed. (1994),69 Ohio St.3d 217, 222.
[3] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687.
[4] Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109.
[5] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211; DealersDairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336, paragraph one of the syllabus.
[6] King, 35 Ohio St.3d 208, syllabus (citations omitted).
[7] Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,168.
[8] Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),85 Ohio St.3d 660, 666.
[9] Mazza v. American Continental Ins. Co. (Jan. 29, 2003), Summit App. No. 21192, 2003-Ohio-360, ¶ 76-77.
[10] Scott-Pontzer, 85 Ohio St.3d at 665, citing Duriak v. Globe Am.Cas. Co. (1986), 28 Ohio St.3d 70, 72.
[11] Id., citing Gyori v. Johnston Coca-Cola Bottling Group (1996),76 Ohio St.3d 565, 568.
[12] Emphasis added; Bianchi v. Moore (May 11, 2001), Erie App. No. OT-00-007, appeal not allowed by (2001), 93 Ohio St.3d 1415.
[13] Scott-Pontzer, 85 Ohio St.3d at 662.
[14] See Mazza, 2003-Ohio-360 at ¶ 82-92; Uzhca v. Derham (Apr. 5, 2002), Montgomery App. No. 19106, 2002-Ohio-1814.
[15] Emphasis added.
[16] Scott-Pontzer, 85 Ohio St.3d at 666; Mazza, 2002-Ohio-360 at ¶ 76-77.